AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>RICARDO ZAVALA and JEFFREY CLEVENGER,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 17-MJ-6409-VALLE<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 6-20, 2017__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846. | The defendants did knowingly and intentionally conspire to possess with intent to distrubute a controlled substance and did possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

WILLIAM SCHWARTZ, HSI Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/21/17

_____
*Judge's signature*

City and state: Fort Lauderdale, Florida        Alicia O. Valle, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Task Force Officer William Schwartz, being duly sworn, hereby depose and state:

### INTRODUCTION

1. I am a Task Force Officer with the United States Department of Homeland Security, Homeland Security Investigations (HSI). I have been a Task Force Officer since September 2015. I am assigned to the Fort Lauderdale Office in Broward County, Florida. As a Task Force Officer, I am responsible for investigating violations of federal law relating to immigration and customs enforcement. In my current assignment, I am also responsible for investigations involving the importation and distribution of controlled substances and the possession and concealment of controlled substances. I have received specialized training in narcotics related investigations. I have been involved in the execution and planning of narcotics related cases for over twenty-two years, including in my current position with HSI for approximately two years. I am a full time detective with the Broward Sheriff's Office, where I have been assigned for approximately fifteen years to the Strategic Investigations Division, Broward County Drug Task Force. Previously, I was assigned as a Task Force Officer with the Drug Enforcement Administration from approximately 2009 to 2014.

2. The information in this affidavit is based on my personal knowledge and information obtained from other law enforcement personnel. Because the information set forth herein is provided solely for the purpose of establishing probable cause, it provides only that information required establish that Ricardo ZAVALA and Jeffery CLEVENGER, did conspire to possess with intent to distribute and did possess with intent to distribute approximately sixteen (16) kilograms of Methamphetamine in

1

violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846.

## FACTS SUPPORTING PROBABLE CAUSE

3. On or about November 2017, HSI Special Agents received information from a HSI confidential source (hereinafter "CS") regarding a male subject interested in selling multi kilograms quantities of methamphetamines in South Florida. The CS stated he was provided a phone number for a male subject who identified himself as RICARDO LNU. The CS was informed that RICARDO operated in the California area and was willing to travel to the South Florida area to deliver methamphetamines.

4. On or about November 9, 2017, the CS and RICARDO begin to discuss, via phone conversations and text messages, the delivery and sale of approximately 15 kilograms or more of methamphetamine at $8000 per pound. The CS has since conducted numerous consensually-recorded telephone conversations, text messages and mms messaging with RICARDO.

5. On November 20, 2017, RICARDO sent the CS a text message providing the address of the specific hotel in Tamarac where RICARDO would be staying. Law enforcement observed an individual later identified as Ricardo ZAVALA and another individual identified as Jeffery CLEVENGER depart this specific hotel located in Tamarac. ZAVALA is seen entering a silver 2017 Honda Accord ("Target Vehicle 1") bearing California license plate number 7XXE778 and CLEVENGER was seen entering a red 2000 Dodge Dakota pick-up truck ("Target Vehicle 2") bearing Ohio license plate number HOKIE4. Subsequent record checks revealed the Honda vehicle was registered to ZAVALA and the Dodge Pick-up truck was registered to "D.A.," an individual later

2

identified by defendant CLEVENGER as his brother. Target Vehicles 1 and 2 departed the Tamarac hotel parking lot, headed east on Commercial Boulevard and traveled to the Shell Gas Station located on the intersection of Commercial and Hiatus, which was a pre-arranged meeting location.

6. The CS and an undercover agent (hereinafter "UC") meet with ZAVALA and CLEVENGER at the Shell Gas Station, where the CS was informed by ZAVALA that the methamphetamine was hidden in the pick-up truck driven by CLEVENGER. The CS and UC instructed ZAVALA to follow them to the CS's warehouse to finalize the purchase of the methamphetamine. ZAVALA and CLEVENGER followed the UC and CS to the aforementioned location.

7. Inside the location, CLEVENGER removed the narcotics from inside the pick-up truck. The narcotics were concealed in wooden drawers. CLEVENGER then broke the drawers open with a hammer in order to remove the narcotics concealed within.

8. Both CLEVENGER and ZAVALA engaged the CS and UC in conversation. ZAVALA informed the UC and CS that he had just received the narcotics that day, while CLEVENGER explained how the narcotics would be packaged next time to further avoid detection. All parties were present while the CS and UC opened one of the packages to inspect the narcotics. A total of 28 packages with an approximate weight of 16 kilograms (16,000 grams) were provided to the UC and CS.

9. CLEVENGER stated he would transport the money received as payment hidden inside grocery bags, while ZALVALA stated he had an additional 24 kilograms of methamphetamine back home in California. Shortly thereafter, ZALVALA and CLEVENGER were arrested.

10. During post-*Miranda* statements, ZAVALA admitted to arranging and negotiating the sale of the methamphetamine to the CS and UC. CLEVENGER originally stated he believed he was transporting large amounts of currency, but later admitted that he suspected he was transporting narcotics *and built the drawers later found to contain the methamphetamine*. CLEVENGER admitted he would be paid $20,000 for the transportation of the narcotics, which was verified by text messages on CLEVENGER's phone shown to investigators during his interview.

11. Based upon the foregoing information, your affiant respectfully submits that there is probable cause to believe that ZAVALA and CLEVENGER conspired to possess with intent to distribute and did possess with intent to distribute fifty or more grams of methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), all in violation of Title 21 United States Code, Section 846.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
William Schwartz, Task Force Officer
Homeland Security Investigations

Subscribed and sworn to before me on this 21st day of November, 2017.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

4